UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DURRELL JACKSON,

      Petitioner,

v.                                                  Case Number: 08-CV-14649
                                                    Honorable Avern Cohn

GERALD HOFBAUER,

      Respondent.

_____/

## MEMORANDUM AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner James Durrell Jackson is a state prisoner serving the following sentences: (1) concurrent terms of thirty-to-fifty years for armed-robbery, first-degree-criminal-sexual-conduct, and assault-with-intent-to-rob-while-armed; (2) twelve-to- twenty years for conspiracy-to-commit-first-degree-home-invasion and first-degree-home-invasion, and, (3) six-to-ten years for assault-with-intent-to-do-great-bodily-harm. Petitioner has filed a pro se petition for a writ of habeas corpus raising claims regarding his sentences. For the reasons which follow, the petition will be summarily dismissed because Petitioner fails to state claims on which habeas relief may be granted. .

II. Background

The charges in this case stem from the preplanned robbery of a home by Petitioner and three other accomplices. The robbers apparently believed that they

would find marijuana inside the home, where the victims, a couple and their two-year-old son, were housesitting for friends. The robbery commenced when Petitioner, and one of the accomplices, who had a shotgun, kicked open the locked front door. Over a period of two to three hours, defendant and his accomplices terrorized the victims through beatings and sexual assaults.

Following a jury trial, Petitioner was found guilty of all above-stated charges. At sentencing, the trial judge imposed an upward departure based on the excessive brutality, violence, the terrorism that had occurred. The trial court then sentenced Petitioner as stated above.

Petitioner filed his appeal as of right with the Michigan Court of Appeals, raising a double jeopardy claim as well as the following sentencing claims:

> I. Judge Grant improperly punished [Petitioner] for exercising his Sixth Amendment right to trial.
>
> II. A sentencing court may not, consistent with a criminal defendant's Sixth Amendment right to jury trial, increase the presumptive guidelines sentencing range based on fact findings not made by the jury, because that is what happened here, [Petitioner] must be resentenced.

On March 15, 2005, the court of appeals affirmed Petitioner's convictions and sentences. People v. Jackson, No. 253115 (Mich. Ct. App. Mar. 15, 2005).

Subsequently, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims as raised in the court of appeals. On January 3, 2006, the Michigan Supreme Court, in lieu of granting leave to appeal, reversed the court of appeals' decision regarding sentencing and remanded the "case back to the

Oakland Circuit Court for resentencing within the appropriate sentencing guidelines range or, if the sentencing judge believes that a departure is justified, for a statement of substantial and compelling reasons supporting the departure." People v. Jackson, 474 Mich. 996 (2006). In all other respects, the Michigan Supreme Court denied leave to appeal.

On remand, the trial judge reinstated the sentences previously imposed, stating:

> There were three victims in this matter and not just one, which is what OV7 seems to contemplate–only one victim . . . . While OV7 contemplates excessive brutality, violence and terrorism, this Court doe not believe that the fifty points OV7 adequately takes into account what happened and what was stated and what the evidence shows at trial in that OV7–that fifty points is not adequate nor is it proportional weight in what should have been given and, therefore, that is the reason that this Court went over the guidelines. While fifty points does contemplate some of what happened, it doesn't contemplate all of what happened, and therefore this Court reinstates its sentence to you and finds that it was based on everything that happened at the trial, and had nothing to do with whether or not you actually went to trial, as was your Constitutional right.

See People v. Jackson, No. 270014, 1-2 (Mich. Ct. App. Aug. 23, 2007) (unpublished) (citing from the Sentencing Tr.).

Petitioner then filed an appeal as of right from that decision with the Michigan Court of Appeals, again raising his sentencing claims. The court of appeals affirmed the trial court's decision on remand. People v. Jackson, No. 270014 (Mich. Ct. App. Aug. 23, 2007). Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal in a standard order. People v. Jackson, 480 Mich. 957 (2007) (Table).

Thereafter, Petitioner filed the instant petition raising the same sentencing claims as presented in the state courts.[1]

III. Analysis

A.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. See also Mahaday v. Cason, 222 F. Supp. 2d 918, 919 (E.D. Mich. 2002)("Under the federal statutes governing habeas corpus proceedings, an answer to a petition for habeas corpus is not required unless the court orders one.").

B.

Petitioner asserts that he is entitled to habeas relief because the trial judge (1) improperly sentenced him for exercising his Sixth Amendment right to a jury trial, and, (2) improperly mis-scored offense variable 7, by relying upon facts not determined by a

---

[1] Petitioner did not file a brief in support of the petition. However, he attached the briefs filed in the state courts. Thus, the Court assumes that Petitioner is raising the same sentencing claims in the petition that he raised in the state courts.

jury, thereby sentencing him outside the guidelines range in clear violation of <u>Blakely v. Washington</u>, 543 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005) .

These claims presents a matter of state law which are not cognizable upon federal habeas review. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"). There is also no federal constitutional right to individualized sentencing. See <u>United States v. Thomas</u>, 49 F.3d 253, 261 (6th Cir.1995). As such, Petitioner is not entitled to habeas relief on his sentencing claims.

Moreover, although state law requires judges to provide a substantial and compelling reason for departing from the sentencing guidelines, *see* MICH. COMP. LAWS § 769.34(3) and Mich. Ct. R. 6.425(E)(1)(e), the alleged violation of Michigan law is not a basis for habeas relief. <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle</u>, 502 U.S. at 68 (citing 28 U.S.C. § 2241 and <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975) (*per curiam*)).

Petitioner relies on <u>Blakely</u> and <u>Booker</u> for support. Petitioner's reliance is misplaced. <u>Booker</u> applies to defendants convicted of federal crimes and, a majority of the Supreme Court in <u>Blakely</u> indicated that its decision applied only to determinate sentencing systems. See <u>Blakely</u>, 542 U.S. at 308-09. Michigan, however, has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. <u>People v. Claypool</u>, 684 N.W.2d 278, 286 n. 14 (2004). "[B]ecause a Michigan

defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to have violated, that maximum sentence constitutes the 'statutory maximum' as set forth in Blakely." People v. Drohan, 715 N.W.2d 778, 791 (2006).  See also Jones v. Bergh, 2006 WL 1007602, 1-2 (E.D. Mich. April 17, 2006).  More recently, the United States Supreme Court, in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 863-64 (2007), confirmed its holding in Blakely.

Against that backdrop, neither Blakely nor Booker apply in this case. Additionally, the Court finds that the Michigan Supreme Court's decision to remand the case was proper, finding that the trial judge failed to articulate the factors in the case that were given "inadequate or disproportionate weight." Jackson, 707 N.W.2d 598 (Corrigan, J., concurring) (citing the Sentencing Tr.).  And, subsequently, on remand, the trial judge properly articulated her reasons for departing from the guidelines.

Overall, Petitioner's sentencing claims do not entitle him to habeas relief, the petition must be summarily dismissed.  See McIntosh v. Booker, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DISMISSED.

SO ORDERED.


Dated:  November 13, 2008	 s/Avern Cohn
	AVERN COHN
	UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to James Durrell Jackson, 477836, Marquette Branch Prison, 1960 U.S. Hwy 41 South, Marquette, MI 49855 the attorneys of record on this date, November 13, 2008, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5160